CALVIN BURNS, Respondent, v. KAHN & FURST, Defendants; STERN, AUCTION & COMMISSION COMPANY, Appellant.

Kansas City Court of Appeals, December 7, 1891.

1. **Negotiable Instruments: CHECK: STATUTE.** A check payable to order or bearer is negotiable, and its commercial quality is not altered by section 733, Revised Statutes, 1889, which statute was not intended to cover what is known in commercial circles as a check.

2. ———: **POST-DATING CHECK.** Post-dating a check does not interfere with its validity or its negotiability.

*Appeal from the Clinton Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*Henry Wollman*, for appellant.

(1) There is a very serious question whether a check is a "negotiable instrument" under the statutes of Missouri. In *Loewenstein v. Knopf*, 2 Mo. App. 162, the St. Louis Court of Appeals says: "But no other

instrument except a bill of exchange wanting the words 'value received' can be negotiable in Missouri, and this for the sufficient reason that no other instrument is by our statutes declared to be negotiable without this express feature." *Taylor v. Newman*, 77 Mo. 263 ; *Bank v. Bank*, 10 Wall. 604 ; 19 Lawyers Co-op. Reports, 1019 ; *State v. Vincent*, 91 Mo. 666.

*James C. Davis* and *Woodson & Woodson*, for respondent.

A third and last point made by the appellant is that checks are not negotiable. ( 1 ) One bank may purchase the individual check of a person drawn upon another bank. Morse on Banks & Banking [ 3 Ed.] sec. 72 ; Bald. on National Banks, p. 70 ; *Bank v. Harris*, 108 Mass. 514. ( 2 ) And especially is this true under the national banking system, whether that special power be mentioned or not. See authorities cited. ( 3 ) The only case that we have been able to find that throws any doubt upon the negotiability of checks is the case of *Knife Co. v. Bank*, 41 Conn. 421. But Mr. Morse, in his second volume of his work on banks and banking, third edition, in section 457, in reviewing that case, criticises that case severely, showing that there were two dissenting opinions, and that the real grounds upon which it was decided was upon a question of notice, and not negotiability of the check. Morse on Banks & Banking [ 3 Ed.] sec. 442 ; *Ames v. Meriam*, 98 Mass. 294 ; *Rothschild v. Corney*, 9 Barn. & C. R. 289–391 ; *Bank v. Woodward*, 18 Penn. St. 357 ; *Serell v. Railroad*, 9 C. B. 811 ; *Poorman v. Mills*, 39 Cal. 345 ; *Cowan v. Altman*, 71 N. Y. 435 ; s. c., 79 N. Y. 167 ; *Bank v. Harris*, 108 Mass. 514 ; *Stewart v. Smith*, 17 Ohio St. 82.

ELLISON, J.—This was a suit instituted in the circuit court of Buchanan county, Missouri, by Calvin

F. Burns against Kahn & Furst, and the Stern Auction & Commission Company on the following check:

"$1,000.      KANSAS CITY, Mo., October 10, 1888.

"Pay to the order of Kahn & Furst, one thousand dollars ( $1,000 ).

"STERN AUCTION & COMMISSION COMPANY.

"By M. STERN, Secretary & Treasurer.

"No. 2489.

"To Citizens' National Bank :

"Indorsed,

"KAHN & FURST.

"Pay National Bank of Commerce or order, for collection on account of the National Bank of St.'Joseph.

"GEORGE C. HULL,

"Cashier."

The answer admitted the execution of the check or bill of exchange and indorsement, but pleaded failure of consideration between the appellant and Kahn & Furst, and that appellee knew that fact when he took said check, and that he fraudulently combined with Kahn & Furst, and brought this suit in his name to cut off the equities between appellant and said Kahn & Furst. The reply was a general denial. The case was then taken by change of venue to the Clinton county circuit court, and upon trial had a verdict and judgment was rendered for plaintiff.

The negotiability of the check is questioned. We think that, when payable to order or bearer, it is negotiable. Text-writers uniformly so state it to be. 2 Daniels, Neg. Inst., sec. 1651 ; Tiedeman, Com. Paper, sec. 440 ; 1 Parson, Notes & Bills, 58. This commercial quality is not altered by Revised Statutes, 1889, section 733, which makes it requisite to the negotiability of a promissory note that it shall be " expressed to be for value received." That statute was not intended to cover what is known and designated in commercial circles as a check.

The check was post-dated, being drawn in September, 1888, and dated, October 10, 1888. This did not interfere with its validity, or negotiability. A check may, in such case, be negotiated before the day it bears date. Daniels, Neg. Inst., sec. 1578. The bank of which plaintiff purchased the check bought it before its date, and the instructions as to the purchase are not subject to the criticism made by appellant.

A careful examination of the objections made to instructions has satisfied us that no error was committed affecting the merits of the action. Special objection is urged to the one in reference to the bank carrying the check as a "cash item." Whatever there may be in appellant's legal proposition, we are not able to see how, under the evidence given, the instruction could be hurtful to defendant. The issues raised by the pleadings were duly submitted to the jury, and they have been determined in plaintiff's favor. Some of the statements and complaints of appellant are not borne out by the record in the cause. The court's ruling as to the opening and closing of the argument was not an abuse of discretion. We can discover no ground whatever for disturbing the judgment, and it is accordingly affirmed. All concur.