GRAND RIVER COLLEGE, Respondent, v. WILLIAM
ROBERTSON, Appellant.

Kansas City Court of Appeals, November 9, 1896.

1. **Corporations**: IDENTITY OF: AMENDED CHARTER. An educational
society chartered under the laws of this state may add to or change
its charter without destroying its identity, and such alteration of the
charter may as well be effected by substitution of a new charter,
which is germane, as by the adoption of mere amendments.

2. **Bills and Notes**: RENEWAL: CONSIDERATION: ORIGINAL PARTIES.
As long as a note is in the hands of an original payee, although it be
a renewal, the consideration may be impeached or may be shown to
have failed; and a subscription to an endowment may be shown to have
been upon condition as a consideration, which condition has failed.

*Appeal from the Grundy Circuit Court.*—HON. P. C.
STEPP, Judge.

REVERSED AND REMANDED.

*Geo. Hall & Son, A. H. Burkeholder,* and *O. G.
Williams* for appellant.

(1) Suits may be brought by the party in inter-
est. The note showed it was given to Grand River
College located at Edinburg, in Grundy county, Mis-
souri. The petition does not allege that it had been
transferred to plaintiff, and the court erred in permit-
ting it to be read in evidence, and in excluding the
evidence offered by defendant on that point. R. S.
1889, sec. 1990; *Mayer v. Old,* 51 Mo. App. 214; *Bank v.
Pennington,* 42 Mo. App. 355; *Bank v. Donnell,* 35 Mo.
373; *Reinhard v. Coal Co.,* 25 Mo. App. 350; *Spears v.
Bond,* 79 Mo.467. The instructions given on behalf of the
plaintiff ignore this fact and are, therefore, erroneous.
*Stocker v. Green,* 94 Mo. 280; *Brownfield v. Ins. Co.,*
26 Mo. App. 390; *State v. Foley,* 12 Mo. App. 431;

*State v. Johnson*, 76 Mo. 121; *Maack v. Schneider*, 57 Mo. App. 431; *Fink v. Phelps*, 30 Mo. App. 431; *Sullivan v. Railroad*, 88 Mo. 169; *Singer v. Goldenburg*, 17 Mo. App. 549, 564; *Bank v. Murdock*, 62 Mo. 70. (2) The note was given to the endowment fund of Grand River College located at Edinburg, in Grundy county, Missouri, on condition that it should be kept and maintained at that place, and the removal of the college to Gallatin rendered the note void, and the court erred in refusing to permit defendant to prove that that was the consideration for which the note was given. 1 Thompson on Private Corporations, secs. 71, 1286; *Johnson v. University*, 41 Ohio St. 527; 2 Story's Equity, sec. 1175; *Venable v. Coffman*, 2 W. Va. 320; *Brown v. Moore*, 80 Ky. 443; *Baker v. Thales*, 9 Pick. 488; *McRoberts v. Moudy*, 19 Mo. App. 26; *Simpson Centenary College v. Tuttle*, 33 N. W. Rep. (Iowa) 74; *Arnold v. Brackenborough*, 29 Mo. App. 625, 639; 1 Perry on Trusts, secs. 251, 254, 733; *First M. E. Church v. Sweny*, 52 N. W. Rep. 546; *Schuler v. Myton*, 48 Kan. 282; *Wiswell v. Bresnahan*, 24 Atl. Rep. 885; 24 Am. and Eng. Encyclopedia of Law, 328, 329, 330; *Electric Light Co. v. Miller*, 30 N. E. Rep. 23; *State v. Adams*, 44 Mo. 570; *The Trustees of Dartmouth College v. Woodward*, 4 Wheat. 518; *Gilman v. Hamilton*, 16 Ill. 225; *Heuser v. Harris*, 42 Ill. 425, 436; 3 Am. and Eng. Encyclopedia of Law, sec. 2, p. 135. (3) If the note was made to the plaintiff as alleged, then the parties to the suit are both parties to the original contract or cause of action, and the consideration may be inquired into. *Hacker v. Brown*, 81 Mo. 68; *Bar v. Baker*, 9 Mo. 850; *Greer v. Nutt*, 54 Mo. App. 5; *Sexton v. Anderson*, 95 Mo. 373; *Brown v. Welden*, 27 Mo. App. 251; *Simpson Centenary College v. Tuttle*, 33 N. W. Rep. 74; *Peek v. Harris*, 57 Mo. App. 467; *Lancaster v. Elliott*, 55 Mo. App. 249; *Armstrong v. School District*, 28 Mo. App.

169. The fund was a trust fund, and the plaintiff would be liable for any diversion or misapplication of the same, and defendant has a right to plead a misapplication, as a defense to this action. 27 Am. and Eng. Encyclopedia of Law, 267, 268; *Shaw v. Spencer*, 1 Am. Rep. 115. The defense goes to plaintiff's right to recover and it devolves upon the plaintiff to prove that it has complied with the conditions upon which the the donation was made. *First M. E. Church v. Sweny*, 52 N. W. Rep. 546.

*Alexander & Richardson* and *Harber & Knight* for respondent.

(1) The defendant gave his note to Grand River College, and it is wholly immaterial whether the plaintiff is located at Gallatin or Edinburg, Missouri, or is incorporated or unincorporated, the defendant is estopped to deny it. *Ins. Co. v. Needles*, 52 Mo. 17; *Railroad v. McPherson*, 35 Mo. 13; *Stoutimore v. Clark*, 70 Mo. 471; *Bank v. Gillilan*, 72 Mo. 77; *Broadwell v. Merritt*, 87 Mo. 95. It is not necessary that the place of business of the corporation should be alleged in the petition. *Ins. Co. v. Bowman*, 60 Mo. 252. (2) The action of the court in excluding the evidence was proper for various reasons. *First.* The defendant was not the original donor but it appears on the face of the pleadings that he is a borrower of part of the endowment fund only. *Second.* The original donation was made absolutely, and not coupled with any conditions, by William McCammon. *Third.* There is nothing in the articles of incorporation locating it at Edinburg, Missouri, providing for its permanent location at that place. *Fourth.* That the terms of the note in suit can not be varied by parol evidence, any more than could the provisions of the original note assigned to Grand River College by William McCammon, by testimony to

the effect that while on its face defendant promised for value received to pay $1,000 with interest, yet, in fact, defendant only promised to pay to said McCammon the interest on said sum for life. *Fifth*. The pleadings show that the original note for $1,000 was given by defendant to William McCammon for forty acres of land, and that said note was absolute and unconditional, hence it is not competent for defendant to contradict his own pleadings, and show that the note was without consideration,. even if that were a fact.   *Sixth*. It is not competent, in any view of the case for defendant to show by verbal or other testimony that the transfer of the note to Grand River College by Wm. McCammon was on condition that said college be permanently located at Edinburg, Missouri, as he was not the donor, and there was no privity of contract between himself and the trustees of said college who received the donation.   In our view, any one of the foregoing reasons was sufficient to sustain the action of the court excluding said evidence.   (3)   The defendant in his first answer having admitted that Grand River College at Edinburg and as incorporated at Gallatin, were the same party, he is estopped from denying it in his amended answer. The admission is conclusive against him.   *Clark v. Railroad*, 127 Mo. 255; *Ensworth v. Barton*, 67 Mo. 622; *Henderson v. Henderson*, 55 Mo. 534; *Speck v. Riggin*, 40 Mo. 405; 14 Kan. 398; *Harmon's Adm'r v. Hastings*, 28 Mo. 346.

GILL, J.—This action was brought on the following promissory note:
"$1,000.00.          EDINBURG, Mo., June 1st, 1891.

"One day after date, for value received, I promise to pay to Grand River College, located at Edinburg, Grundy county, Missouri, the sum of one thousand dollars, the same to be applied to the endowment of

said college, and to draw 8 per cent interest from date until paid.                    WILLIAM ROBERTSON."

On this note there were two credits of $80 each; one made in May, 1892, and the other in June, 1893.

At the institution of the suit the plaintiff was an educational corporation, located at Gallatin, in Daviess county, Missouri, but in the petition it is alleged, that the defendant, by his said promissory note "promised to pay to plaintiff by the name and description of Grand River College, located at Edinburg, Grundy county, Missouri. Defendant alleges in his amended answer, "that the plaintiff is a corporation organized under the laws of the state of Missouri long after the execution of the note sued on. That the note was given to Grand River College, a corporation located and existing at the time at Edinburg, in Grundy county, Missouri; that in 1880, Wm. McCammon, the father-in-law of the defendant, a Baptist minister, who lived close to said college at Edinburg, conveyed to defendant a tract of land which was his homestead, which said defendant conveyed back to said McCammon during his natural life; that in part consideration for said conveyance the defendant executed to said McCammon his note for $1,000; that by agreement made between the parties at the time, defendant was to pay the interest on said note to said McCammon during his lifetime, and at his death defendant was to take possession of said land, and said note was to be returned to defendant and to be canceled; that in 1885 said Grand River College, located at Edinburg, Missouri, was making an effort to raise an endowment fund for the support of its school, located at said place, the neighborhood in which said McCammon, as well as defendant, lived. The said McCammon and defendant agreed that they would together donate or give the said college $1,000, on condition and under an agreement with

its said board of trustees that the said college or school should be kept and maintained for all time at said place; that the principal of said donation should be kept as a permanent endowment fund for said college, and the interest therefrom should be used for the support of said school at said place; that by agreement said McCammon was to deliver to said trustees said $1,000 note given by defendant to said McCammon as aforesaid, and defendant was to pay the interest on said note to said trustees, for the support of said school during the lifetime of said McCammon, instead of paying the same to said McCammon, and upon the death of said McCammon, defendant should give the principal of said note to said college endowment fund, instead of it becoming void as formerly agreed; that in pursuance of said agreement, and in consideration that said school or college be kept and maintained at said place for all time, said McCammon delivered said note to the trustees of said college, and the trustees accepted said gift from defendant on said condition.

"The defendant afterward took up the McCammon note, and gave his note to said college, for which the note sued on was given in renewal; that the defendant kept the interest paid on said notes as long as said college association kept and maintained the school at Edinburg, and performed its agreement; that about 1893 said Grand River College, at Edinburg, ceased to keep and maintain the school at said place, and transferred its effects and endowment fund to plaintiff, and that plaintiff is now seeking to collect the same for the use and maintenance of its school located at Gallatin, Missouri, by reason of which defendant says he is not liable for the payment of the note."

In reply, plaintiff denied the new matter set up in the answer, and affirmatively alleged that the said Rev. McCammon made a donation to plaintiff in the sum of

$1,000, and in payment thereof turned over defendant's note for that amount, and that the note in suit was a renewal of that obligation.

At the trial plaintiff introduced the note in evidence, together with the original answer filed by the defendant, wherein it was in effect admitted that the plaintiff corporation of Gallatin, Daviess county, Missouri, was the same as that formerly located at Edinburg, in Grundy county, Missouri, the nominal payee of the note, and rested.

Defendant then submitted in evidence the articles of association and decree of incorporation of Grand River College organized at Edinburg, Grundy county, Missouri, in 1876; also the certificate and articles showing the incorporation of Grand River College as located at Gallatin in Daviess county in 1893, together with a written agreement between the trustees of the first Grand River College at Edinburg and certain citizens of Gallatin, dated in 1892, providing for the abandonment of the college at Edinburg and removal to Gallatin. It was also shown that the original corporation at Edinburg disposed of all its property and abandoned the latter place and that the new organization accepted other property and buildings at Gallatin and conducted a college at that place.

Defendant further offered oral evidence to prove that the plaintiff here is not the same party to whom the note in suit was given, and also to prove the conditions upon which the note was given and the circumstances under which the original subscription to the endowment fund was made by himself and McCammon as set up in the answer. But this was all excluded by the court.

In accordance with a peremptory instruction from the court the jury returned a verdict against the defendant for the full amount of the note sued on with

interest, and from a judgment thereon defendant appealed.

The first point to be disposed of is, whether or not the action on this note is prosecuted by the real party in interest,—that is, conceding the note to be a binding obligation, has the plaintiff shown title thereto. The note, on its face, expresses a promise by defendant Robertson to pay the $1,000 " to Grand River College, located at Edinburg, Grundy county, Missouri." The plaintiff now makes no claim to sue as an assignee or indorsee, but brings the action as an original payee. At the trial defendant sought to prove by a witness on the stand that the suit was being prosecuted by the Grand River College, located at Gallatin, but for some unexplained reason the evidence was excluded. However, no harm came from this action of the court, since the record clearly shows this to be the fact, and that the plaintiff is the corporate body located at Gallatin and called Grand River College. The college at Edinburg, the evidence clearly shows, had been closed and its property conveyed away or turned over to plaintiff.

The question, then, is whether or not the plaintiff is the same or a different corporation from the Grand River College formerly located at Edinburg. We think it must be treated as the same corporate entity; that the Grand River College at Gallatin has its corporate existence by virtue of a charter merely amendatory of the Edinburg charter. Both were organized under the same general law. Art. 8, chap. 36, 1 Wag. Stat.; art. 10, chap. 42, R. S. 1889. The main purposes of the two were identical; they were organized, fostered, and managed by the same persons; and from the evidence it is entirely clear that the purpose of the last organization was to supplant and take the place of the original as a mere amendment or reorganization.

Under section 2826 of the Revised Statutes amendments to such charters were authorized. It is sufficient under that statute merely to submit to the court the new features or amendments to be added to or changed from the old charter and have an order thereon. But because the parties unnecessarily included in the amendments the entire articles of association (as was done in this case) ought not to destroy the intended identity of the new with the old. The alteration of a charter may as well be effected by the substitution of a new charter which is germane to the old as by the adoption of mere amendments. 1 Thomp. Corp., sec. 103; *Ins. Co. v. Beckman*, 47 Mo. 93; *Railroad v. Hughes*, 22 Mo. 291. We are of the opinion, then, that plaintiff is the same corporation to which defendant made the note and is, therefore, the proper party plaintiff in the action.

But, as already stated, the record shows that defendant sought to prove by parol evidence that the consideration of the note had failed, in this, that the amount of money which he, the defendant, promised to pay was a contribution or subscription which he and his father-in-law, McCammon, agreed to make to the endowment fund of Grand River College located at Edinburg; that the said subscription was made with the express understanding and agreement that the college should be maintained and continued for all time at Edinburg, near which the donor resided; and that no such subscription would have been made, nor the note given, except for such understanding and promise so made by the plaintiffs. To this evidence plaintiff objected on the ground, as stated by its counsel, "that it is irrelevant, incompetent, and immaterial, and the note shows here to have been given long after the endowment was raised, and it can not be

Vol. 67 app—22

proven by verbal testimony, that the contract in suit can not be varied by oral testimony," etc. The court. sustained the objection and refused to admit such evidence.

This ruling of the court was erroneous. It is true that the note in suit is a renewal of an original, and was executed subsequent to the date of subscription, but it occupies no better position than such original obligation. As already decided, the note is still in the hands of the original payee. Being so, it is a well settled principle that the consideration may be impeached or may be shown to have failed. Such was the tendency of the evidence offered and it should have been admitted. Among the authorities cited a case from Iowa is in point. *Simpson Centenary College v. Tuttle*, 71 Iowa, 596.

Judgment reversed and cause remanded. All concur.