GRAND RIVER COLLEGE, Respondent, v. WILLIAM
ROBERTSON, Appellant.

Kansas City Court of Appeals, November 1, 1897.

Bills and Notes: SUBSCRIPTION TO COLLEGE: FAILURE OF CONSIDERA-
TION. The condition of a donation to a college endowment was that
it remain for all time at the place then located. The donation was
paid by the transfer of the note of the son-in-law of the donor to the
college. This note the son-in-law renewed from time to time and
paid the interest to the college. *Held*, in an action by the college
against the son-in-law on a renewal note he could not avail himself of
the removal of the college to another town as a failure of considera-
tion, since the enforcement of such condition to the original donation
was a matter personal to the donor.

*Appeal from the Grundy Circuit Court.*—HON. P. C.
STEPP, Judge.

AFFIRMED.

*Geo. Hall & Son, A. H. Burkeholder* and *O. G.
Williams* for appellant.

(1)   The original Robertson note to McCammon,
for which the note in suit was given in renewal, was a
gift or donation without consideration and was unen-
forcible either against McCammon's estate or defend-
ant Robertson. *Matter of James*, 146 N. Y. 78; 48
Am. St. Rep. 774; *Whitaker v. Whitaker*, 4 Am. Rep.
711; *Appeal of Waynesburg College*, 56 Am. Rep. 252.
(2) The gift or donation to plaintiff must be accepted
and applied upon the precise terms upon which it was
given, and the burden is upon plaintiff to prove a strict
compliance of the terms before it can recover. *Arnold
v. Brockenbrough*, 29 Mo. App. 625, 639; *Wood v.
Kice*, 103 Mo. 329, 335; 3 Am. and Eng. Ency. of

Law, sec. 11, p. 135. The McCammon-Robertson note was a gift without consideration and plaintiff took it subject to all the equities existing between the original parties. *Goodman v. Simonds*, 19 Mo. 107; *Hodges v. Black*, 8 Mo. App. 389; 76 Mo. 537; *Terry v. Hickman*, 1 Mo. App. 119; *Carson v. Porter*, 22 Mo. App. 179; *Johnson v. McMurry*, 72 Mo. 278; *Wine Co. v. Rinehart*, 42 Mo. App. 171. (3) The note was given to the endowment fund of Grand River College, located at Edinburg, in Grundy county, Missouri, on condition that it should be kept and maintained at that place, and the removal of the college to Gallatin rendered the note void, and the court erred in refusing to permit defendant to prove that that was the consideration for which the note was given. 1 Thompson on Private Corporations, secs. 71, 1286; *Johnson v. Otterbein University*, 41 Ohio St. 527; 2 Story's Equity, sec. 1175; *Venable v. Coffman*, 2 W. Va. 320; *Brown v. Moore*, 80 Ky. 443; *Baker v. Thales*, 9 Pick. 488; *McRoberts v. Moody*, 19 Mo. App. 26; *College v. Tuttle*, 33 N. W. Rep. 74; *Arnold v. Brockenbrough*, 29 Mo. App. 625, 639; 1 Perry on Trusts, secs. 251, 254, 733; *Church v. Sweny*, 52 N. W. Rep. 546; *Schuler v. Myton*, 48 Kan. 282; *Wiswell v. Brasnehan*, 24 Atl. Rep. 885; 24 Am. and Eng. Ency. of Law, 328, 329, 330; *Electric Light Co. v. Miller*, 30 N. E. Rep. 23; *State v. Adams*, 44 Mo. 570; *The Trustees of Dartmouth College v. Woodward*, 4 Wheat. 518; *Gilman v. Hamilton*, 16 Ill. 225; *Heuser v. Harris*, 42 Ill. 425 and 436; 3 Am. and Eng. Ency. of Law, sec. 11, p. 135. (4) The fund was a trust fund, and the plaintiff would be liable for any diversion or misapplication of the same, and defendant has a right to plead a misapplication as a defense to this action. 27 Am. and Eng. Ency. of Law, 267, 268; *Shaw v. Spencer*, 1 Am. Rep. 115. The defense goes to plaintiff's right to recover, and it devolves upon

the plaintiff to prove that it has complied with the conditions upon which the donation was made.  *Church v. Sweny*, 52 N. W. Rep. 546.

*Alexander & Richardson* and *Harber & Knight* for respondent.

(1)  The delivery of a bond, certificate of stock or note to the donee with the intention of transferring to him the right of property is sufficient to constitute a gift.  8 Am. and Eng. Ency. of Law, p. 1322, and cases cited.  And a non-negotiable note may be the subject of a valid gift without indorsement or assignment. *Lee v. McGrath*, 10 L. R. (Iowa) 45; 8 Am. and Eng. Ency. of Law, p. 1322, note 3.  Bills, bonds, and promissory notes, and all other evidences of debt, although payable to order, and not indorsed, may be given.  8 Am. and Eng. Ency. of Law, p. 1343.  The original note donated by William McCammon to plaintiff was the note of defendant, and payable to the order of said William McCammon, and was duly indorsed and delivered by said McCammon to plaintiff.  (2) As between the parties to the transaction the effect of a gift, if completely executed, is to effectually transfer the full title and ownership of the property from the donor to the donee, as much so as if the article had been sold for a valuable consideration.  It is not then in the power of the donor or donee to revoke it without the consent of the other.  The exceptions to this rule are *bona fide* purchasers without notice of the gift, and creditors, who may impeach the validity of a gift on the ground of fraud.  8 Am. and Eng. Ency. of Law, p. 1340, and cases cited.

GILL, J.—This case is now before us the second time within the last year.  As to the nature of the

STATEMENT. controversy we shall simply refer to our former opinion (67 Mo. App. 329). As will be seen we reversed the judgment first had against the defendant, and sent the case back for a second trial, because of the circuit court's refusal to permit defendant to show that the consideration of the note had failed "in that the amount of money which he, the defendant, thereby promised to pay, was a contribution or subscription which he and his father-in-law McCammon agreed to make to the endowment fund of Grand River college located at Edinburg; that the said subscription was made with the express understanding and agreement that the college should be maintained and continued for all time at Edinburg, near which the donors resided; and that no such subscription would have been made; nor the note given, except for such understanding and promise so made by the plaintiff."

At the second and last trial before the circuit court the defendant was allowed to go into this matter, before excluded; the issues were tried at length before a jury resulting in a verdict and judgment against defendant for the full amount of the note and interest, and defendant has again appealed.

In disposing of the case now we find it unnecessary to pass upon the numerous objections to instructions raised by defendant's counsel in BILLS and notes: subscription to college: failure of consideration. their brief, since, upon a thorough and careful consideration of all the evidence, we are of the opinion that there is no defense to the plaintiff's action—that on the uncontroverted facts the judgment is for the right party and ought to be affirmed. These facts are, that for a number of years prior to · 1893 the plaintiff Grand River College conducted an educational institution then located at Edinburg in Grundy county. Among

its supporters was the Rev. McCammon who then resided near Edinburg and who was the father-in-law of defendant Robertson who also lived in the same vicinity. In the early part of the year 1885 the college corporation, being in need of funds for its support, applied, through its officers, to McCammon and others for assistance. At that time the latter held a promissory note for $1,000, executed by defendant, and which was given as part payment for some land which McCammon had previously sold to Robertson; and this note was assigned and turned over to the college as and for a donation or subscription which McCammon then (in June, 1885) agreed to and did make to the endowment fund of the college. When the note of Robertson to McCammon matured plaintiff renewed the obligation, making it payable directly to the college corporation. The note in suit is a second renewal. Defendant paid the interest on the note and to the college from time to time until in 1893 when he refused to pay any further, assigning as a reason that the college had moved from Edinburg to Gallatin, a neighboring town. This removal was accomplished in 1893—the college corporation having sold its property at Edinburg and accepted other property and donations at Gallatin which has been its location since that date.

There was some evidence (though not satisfactory) that McCammon made his subscription to the college endowment fund with the understanding that the college should for all time remain at Edinburg. But there is nothing whatever to show that Robertson was as he alleged in his answer in any sense a party to this $1,000 donation so made by McCammon. The only connection he had with the transaction, at any time or in any way, was to consent to his father-in-law's

transfer of the note, and thereafter accept the college as his creditor in place of McCammon.

Here then lies the weakness of Robertson's defense to this suit. He seeks to defeat plaintiff's right to recover on the note on the sole ground that McCammon was imposed on—that the latter made the subscription or donation with the understanding or condition that the college should continuously and for all time be maintained at Edinburg, and that this consideration had failed. But it seems clear to us that while this failure to keep and maintain the school at Edinburg might be a good defense if McCammon, or his estate (he being dead) was being sued on his subscription, yet that such defense can not avail defendant Robertson in a suit to recover on this note. The conditions of McCammon's donation are matters in which the defendant has no lawful interest. If such subscriber to the college endowment fund was in any way wronged in the matter, the right to complain is personal to himself, and for which he or his legal representatives alone can complain. No person will be heard to defend an action because of a matter which does not concern him and in which he has no legal interest. 1 Wait's A. & D., p. 157, and cases cited.

The case of *Church v. Sweny*, 85 Iowa, 627, cited and relied on by defendant's counsel, is hardly in point. But even were it so we should hesitate before adopting it as a precedent for sustaining the defense here relied on.

The views here taken render it wholly unnecessary to discuss other questions presented by briefs of counsel. On the undisputed facts the judgment is for the right party and will be affirmed.

All concur.