FARMERS' NATIONAL BANK, Appellant, v. ALPHONSE H. DREYFUS, Respondent.

Kansas City Court of Appeals, January 8, 1900.

1. **Negotiable Instruments: BANK CHECKS: PRESENTMENT.** Bank checks are negotiable instruments though not expressed to be for. value received, but are not designed .for general circulation but for immediate payment, and if not promptly presented the holder keeps them at his peril.

2. ———: ———: PRESENTATION: REASONABLE TIME. A check should be presented in a reasonable time, to wit, the next day after receipt, unless cause for the delay appears. But where the facts are disputed, what is a reasonable time is for the jury, otherwise it is a mere question of law.

3. ———: ———: DISHONORED. A check, which, without excuse for delay, is held longer than next day after its receipt, is dishonored and the indorsee takes it subject to equities.

4. ———: ———: STALENESS: EQUITIES: INDORSEE. A check held for twenty-six days without effort to present it becomes stale, and an indorsee will then take it subject to all defenses the drawer may have against the original payee. Cases distinguished.

Farmers Nat. Bank v. Dreyfus.

5. ———: ———: CONSIDERATION. A check without consideration, the original object of its drawing having failed, should be returned to the drawer, and this applies to a belated indorsee.

Appeal from the Jackson Circuit Court.—*Hon. J. W. Henry.*
                                    Judge.
AFFIRMED.

*Downs, Guthrie & Downs* for appellant.

(1)   Bank checks are negotiable instruments subject to the same rules which govern ordinary bills of exchange.   Gate City v. Bank, 126 Mo. 82; Famous, etc., v. Crosswhite, 124 Mo. 34; Burns v. Kahn, 47 Mo. App. 215.   (2)   A check is presumed to have been given for value.   Newcomb v. Jones, 37 Mo. App. 475.   (3)   A *bona fide* purchaser of negotiable paper for value before maturity becomes the owner of the same, notwithstanding any defects in the title of the person from whom he acquired it.   Savings Institution v. Heinsman, 1 Mo. App. 336.   Gage v. Averill, 57 Mo. App. 111.   Whether defects arise out of fraud or felony, *supra.* Fitzgerald v. Barker, 96 Mo. 661; Bank v. Stoneware Co., 4 Mo. App. 276; Bank v. Pipkin, 66 Mo. App. 592; Hamilton v. Marks, 63 Mo. App. 167; Ganz v. Weisenberger, 66 Mo. App. 110.   All this applies to bank checks, whether with or without the word "value received."   Shoe and Clo. Co. v. Crosswhite, 124 Mo. 34.

*Grant I. Rosenzweig* and *Wash Adams* for respondent.

(1)   Where no time is fixed, reasonable time, is implied. State ex rel. v. Harrison, 53 Mo. App. 346; Lapsley v. Howard, 119 Mo. 489. (2) Limitation and maturity of demand paper begin to run from their date.   Easton v. McAllister, 1 Mo. 662; Mason v. Patton, 1 Mo. 279.   (3)   Checks are not intended for circulation, but for present, prompt and uninterrupted use.   Marbourg v. Brinkman, 23 Mo. App. 511; Dyas

v. Hanson, 14 Mo. App. 363; Rosenblatt v. Haberman, 8 Mo. App. 486; Bank v. Bank, 30 Mo. App. 271; Wear v. Lee, 87 Mo. 358.   (4)  Checks, drafts and notes due on demand, or certain number of days after demand or sight, are negotiable only for a limited time—such time as is reasonably necessary for delivery and prompt transmission to the drawee bank for payment.   After that time, they are subject to equities like a past due promissory note.   Where delay is not explained, its reasonableness is a question of law.   Wethy v. Andrews, 3 Hill (N. Y.), 582; London v. Groom, 8 C. Q. B. Div. 288; 3 Randolph, Com. Paper, 1045; Tiedeman, Neg. Inst., 446; Linville v. Welch, 29 Mo. 203; Salisbury v. Renick, 44 Mo. 554; Singer v. Dickneite, 51 Mo. App. 245; Tower v. Pauly, 51 Mo. App. 75; Lab v. Stephacker, 103 Pa. St. 81; Mohawk v. Broaderick, 10 Wend. 304; Aymer v. Beers, 7 Cowan, 711; Moody v. Mack, 43 Mo. 210; Chouteau v. Rowse, 56 Mo. 65; Faust v. Needham, 29 Ia. 249; Cawing v. Allman, 71 N. Y. 435; Lancaster v. Woodard, 18 Pa. St. 357; Down v. Halling, 4 B. & C. 330; s. c., 6 D. & R. 455; s. c., 2 C. & B. 11.

ELLISON, J.—Plaintiff claiming to be the innocent indorsee of a check drawn by defendant for $545, brought this action thereon against him.   The judgment in the trial court was for defendant.

The question for decision is, whether plaintiff is an innocent purchaser of the check.   The check was drawn August 2, 1897, by defendant on a bank in Kansas City, Mo., where he resides, and made payable to a party in New York City, to whom it was sent by mail.   It was received by the New York party on August 5, and on that day it was indorsed by the payee to one Jacobs, of Philadelphia, who held it until August 31, when he indorsed it to the plaintiff, a banking concern with which he did business, and which usually cashed his checks received by him from others.   The plaintiff bank on the same day forwarded the check to Kansas City through its corre-

spondent in New York City for presentment and payment. It was presented at the Kansas City bank on September 2, and payment was refused by order of the defendant.

Bank checks are negotiable instruments even though not expressed to be for value received as is required of negotiable promissory notes. Burns v. Kahn, 47 Mo. App. 215; Shoe Co. v. Crosswhite, 124 Mo. 34. But they are not intended for general circulation and in this respect and some others present points of difference from negotiable notes or bills of exchange. "A check, unlike a bill of exchange is generally designed for immediate payment, and not for circulation, and therefore it becomes the duty of the holder to present it for payment as soon as he may, and if he does not he keeps it at his own peril." Daniels v. Kyle, 5 Georgia, 245.

A check should be presented in a reasonable time, and when no cause for delay appears, the next day after receiving is a reasonable time. Benjamin Chalmers on Checks, 268; Story, Prom. Notes, secs. 493, 494; 3 Kent, 83, 88; 2 Daniel's Neg. Inst., sec. 1590. If there is delay in presenting, the circumstances of such delay may vary this reasonable time. In some instances, where facts are in dispute, reasonable time is to be submitted to a jury. But where facts are undisputed, it is merely a question of law for the court. Loux v. Fox, 171 Pa. St. 68; Himmelman v. Hoteling, 40 Cal. 111; Walsh v. Dart, 23 Wis. 334. If a check is drawn upon a bank at the place where drawn it should be presented on or before the next day after it is drawn and delivered. But if drawn upon a distant bank, or upon a local bank to be sent to the payee at a distant place (as was the case at bar), then it should be forwarded for presentment and collection on or before the next day after it is received. It will be assumed that the drawer intended to give sufficient length of life to the check for it, in the usual course, to make the journey upon which he sends it.

But it is agreed all round that at some period of time it becomes a stale check and loses its negotiability, thereby let-

ting in any defenses the drawer may have had against it, if it had remained in the hands of the original payee. Laber v. Steppacher, 103 Pa. St. 81.

In this case the check, as has been stated, was sent by the defendant drawee to a distant place—New York—and was received there without delay in due course. It was indorsed to Jacobs on the day it was received and he should, ordinarily, have forwarded it on the next day, at the latest, to Kansas City for presentment and payment. Instead of doing so, he retained it for twenty-six days, when he took it to plaintiff bank for negotiation. And plaintiff's taking it as indorsee did not have the effect of relieving it of the consequences (whatever they might be), of the delay up to that time. 2 Daniel Negotiable Inst., sec. 1595. No excuse appearing for the extraordinary delay, plaintiff must therefore be held to know that it had become non-negotiable by its staleness, and it should be so declared as a matter of law.

Fixing the time when a check should be considered stale and overdue has been a vexed question with the courts. Daniel, in the second volume of his work on Negotiable Instruments, section 1634, says: "The certain age at which a check may be said to be stale is as uncertain as the fixing of the day on which a young lady becomes an old maid." It seems however that if some conceded rules are carried to their logical result more definite and uniform conclusions can be drawn. A check, save in exceptional instances, caused by circumstances out of the ordinary, is at best, a short-lived paper. If drawn on a local bank and there delivered it must, as we have already said, be presented by the close of the next day else it will be held at the risk of the holder. If drawn on a local bank and sent by the drawer to a distant place it must be started on its return for presentment by the end of the next day after it has been received, else it will again be retained at the risk of the holder. In such instances it becomes the check of the holder more than that of the drawer and so it ought to be

regarded by the indorsee thereof. It has been shorn of important elements it originally possessed. So therefore when it is found to be outside these conditions I think it should be regarded as overdue.

In this case, plaintiff was bound to know that by holding the check beyond the time for it to be sent to Kansas City for payment Jacobs had taken upon himself the risk of the continued solvency of the bank on which it was drawn, for if it became insolvent the defendant would be discharged on account of the negligent delay. Plaintiff was therefore chargeable with notice that the check had been unclothed of some of its important characteristics which it possessed when issued. It had lost its principal negotiable elements, i. e. the right to be freed of defenses by the drawer. It was, therefore, clearly in the condition of a note overdue.

But conceding that it is going too far to say that thus retaining a check, without excuse, into a period of negligence of itself renders it stale or overdue, we have no hesitation in stating the law to be that when this negligent delay has reached the period shown here of twenty-six days, when three or four days would have been amply sufficient for its return to Kansas City, it has gone to the extent of rendering the check overdue as a matter of law.

There are cases to be found where a number of day's delay in the process of collection beyond the day following the receipt of a check, have been held not to dishonor it. But in most of these there were exceptional circumstances governing them. For instance, in the case of Estes v. Shoe Co., 59 Minn. 504, a check drawn in St. Paul, Minnesota, on a local bank was negotiated by the payee to one without notice six days thereafter in Denver, Colorado, and the court held it was not overdue and that equitable defenses could not be made by the drawer. But in that case it was understood the check would not be presented at once. The drawer of the check gave it to the payee with the understanding that he was to use

it for the purpose of obtaining money in his travels in the west. The same may be said of the case of Woodruff v. Plant, 41 Conn. 344, where three days had elapsed before presentment; but the drawer knew it was to be sent away as a remittance. The case of Herider v. Phoenix Loan Ass'n, decided by us at this term, is, in some respects, one of like kind.

2. Being an overdue instrument in the hands of plaintiff, the further question arises as to whether defendant has a defense thereto; and in this respect it is sufficient to show that it was without consideration in the hands of the original payee and should have been returned by him to the defendant, the original object in drawing it having failed of its purpose.

It follows therefore that the judgment of the trial court should be affirmed. All concur.