P. M. SCHLAMP, Appellant, v. L. A. MANEWAL et al., Respondents.

St. Louis Court of Appeals, December 30, 1916.

1. **BILLS AND NOTES:** Negotiation of Accommodation Note After Maturity: Diversion of Note: Rights of Accommodation Maker. Where one of the makers of a promissory note signs for the accommodation of his co-maker and the note is negotiated after maturity, the transferee takes it, under Sec. 10028, R. S. 1909, subject to the defense that it was used for a purpose other than the one for which the accommodation maker signed it.

2. ——: ——: ——: Sufficiency of Answer. In an action against the two makers of a promissory note, one of the defendants averred in his answer that he signed the note for the accommodation of his co-maker, in order that the latter might have the note discounted at a certain bank, that it was understood that the note was to be so discounted for cash only, and that, when this was not done, the purpose for which the note was given failed, and upon its being negotiated by the co-maker to plaintiff, after its maturity, for stock in a corporation, there was a diversion of the note from its original purpose, which relieved the accommodation maker from liabilty thereon. *Held*, that the answer sufficiently pleaded the defense of diversion.

3. ——: Evidence: Negotiation of Accommodation Note After Maturity: Parol Evidence. Parol evidence is admissible, in an action on an accommodation note negotiated after maturity, to show that the note was used by the accommodated party for a purpose other than that for which the accommodation party signed it

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

AFFIRMED.

*Thomas D. Cannon* for appellant.

(1) The answer of defendant Manewal avers no defense to the plaintiff's petition, and upon the record the plaintiff is entitled to a direction from this court to the trial court to enter judgment in plaintiff's favor upon the cause of action set forth in his petition. Bank v. Refgr. Co., 236 Mo. 415; Poindexter v. McDowell,

110 Mo. App. 233; First Nat. Bank v. Bennett, 114 Mo. App. 695. (2) Upon the record at the close of the whole case the plaintiff was entitled to a peremptory instruction directing a verdict in his favor against both defendants as requested by instruction "B," and the court erred in refusing said instruction. Bank v. Refgr. Co., 236 Mo. 415; Poindexter v. McDowell, 110 Mo. App. 233; First Nat. Bank·v. Bennett, 114 Mo. App. 695. (3) The note in suit was negotiated by Emil Schlamp to P. M. Schlamp, the plaintiff, for value; and even though it was negotiated after maturity for the first time, it is still a binding and valid obligation against both defendants, the accommodated and accommodating party. Marling v. Jones, 138 Wis. 89; Mersick v. Aldermann, 77 Conn. 634; Johnson v. Franklin Bank, 173 Mo. 182. (4) The liability of Manewal on the note sued on is that of a joint maker. Citizens Bank v. Douglas, 178 Mo. App. 689; Sec. 10,161, R. S. 1909. And the court erred in giving and reading to the jury instruction number 2, whereby it directed a verdict for defendant, Manewal, if the jury found that "he (Manewal) received none of the stock or proceeds thereof taken over by Schlamp for said note." Failure of consideration moving to Manewal is no defense to him in this case. Sec. 10,000, R. S. 1909; Banking Company v. Morrow, 184 Mo. App. 518. (5) Instruction number 2 is erroneous in that it directs the jury to find a verdict in favor of defendant Manewal if the jury "further find that the defendant Manewal did not authorize the negotiation and delivery of said note after its maturity, and did not know that it had been so negotiated and delivered to plaintiff after maturity." The note did not cease to be a negotiable instrument when it fell due. Biglow on Bills and Notes (2 Ed.), p. 253; Sec. 10,017, R. S. 1909; Lane v. Hyder, 163 Mo. App. 688; Hunleth v. Leahy, 146 Mo. 418. The agency of the party accommodated (Schlamp) to negotiate the note in suit and raise the money thereon did not cease at maturity of the note. And the mere fact that the note was not negotiated by Schlamp until after

maturity cannot defeat the plaintiff's recovery upon the ground that there was no consideration moving to Manewal (if such was the fact). Marling v. Jones, 138 Wis. 90; Mersick v. Aldermann, 77 Conn. 634; Brannon Neg. Instr. (2 Ed.), p. 38. (6) The court erred in admitting testimony, over plaintiff's objection to show the note sued upon was to be discounted for cash only. Parol evidence is not admissible to show that the maker of a note, which purports to be payable absolutely, only promised to pay upon condition. Bank v. Martin, 171 Mo. App. 201; Holmes v. Farris, 97 Mo. App. 309.

*Vital W. Garesche* and *George B. Webster* for respondent.

(1) The appellant did not challenge the sufficiency of the answer by demurrer or motion in arrest in the lower court, nor did he assign the alleged insufficiency as error in his motion for a new trial. The point is therefore not available for his purpose in this court. Wilkerson v. Bruce, 37 Mo. App. 156; Oil Well Supply Co. v. Wolfe, 127 Mo. 624; Stark v. George Knapp & Co., 160 Mo. 529; State Bank v. Citizens Bank, 114 Mo. App. 663; Johnson County Bank v. Mills, 143 Mo. App. 265; Long v. Lackawanna C. & I. Co., 233 Mo. 713. (2) The trial court was right in refusing to direct a verdict for the appellant. To have done so would have been error. Dyer v. Cowden, 168 Mo. App. 649; Hancock v. Railroad, 163 Mo. App. 259; First Nat'l Bank v. Gregg, 74 Mo. App. 639; Johnson v. Grayson, 230 Mo. 380. (3) The negotiation of the note after maturity did not keep it alive as a valid obligation of the respondent, for the record shows without contradiction that he neither knew of it nor participated in the negotiation or the proceeds thereof. R. S. 1909, sec. 9978. (4) The respondent was not liable as a joint maker as between himself and the appellant. Norton, Bills and Notes (3 Ed.), sec. 85; Lamson v. Beard, 94 Fed. 43. (5) The court's instruction number 2 is a correct declaration of law and was

properly given. R. S. 1909, secs. 9999, 10022; Farmers Natl. Bank v. Dreyfus, 82 Mo. App. 399; Grand River College v. Robertson, 67 Mo. App. 329; Jones, Evidence, Civil Cases (2 Ed.), sec. 495. (6) There was no error in the admission of evidence to show the purpose for which the note was given. Ware v. Allen, 128 U. S. 590; Shantz v. Shriner, 167 Mo. App. 635; Farmers Natl. Bank v. Dreyfus, 82 Mo. App. 399; Williams v. Abrutt, 72 Mo. App. 62; Grand River College v. Robertson, 67 Mo. App. 329; Jones, Evidence, Civil Cases (2 Ed.), sec. 495.

THOMPSON, J.—The plaintiff sued the defendants upon the following note:
"$1,000.00                          St. Louis, May 8, 1912.
"Ninety days after date we promise to pay to the order of P. M. Schlamp, One Thousand and no/100 Dollars, for value received, negotiable and payable without defalcation or discount, with interest at the rate of —— per cent. per annum from ——————. Payable at ————————.

                                        EMIL SCHLAMP. .
                                        L. A. MANEWAL."
The jury returned a verdict in favor of the plaintiff and against the defendant Emil Schlamp, but further found in favor of defendant L. A. Manewal and against the plaintiff. Plaintiff filed a motion for a new trial which was overruled, and he has perfected his appeal to this court. The trial court directed the jury to return its verdict against the defendant Emil Schlamp.

The evidence on the part of the defendant, L. A. Manewal, tended to show that at the time the note in suit was executed, he was a neighbor and a friend of Emil Schlamp, the other defendant; that the said Emil Schlamp came to him for the purpose of borrowing $1,000 for use for his family, but Manewal informed said Emil Schlamp that he was unable to lend him the money at that time; that thereupon the said Emil Schlamp requested Manewal to sign a note with him,

payable to the order of P. M. Schlamp, the plaintiff herein. On the assurance or statement from the said Emil Schlamp that he, together with his nephew, plaintiff herein, could discount such a note at a bank in Henderson, Kentucky, where the plaintiff was well known, the defendant Manewal signed the note, which is the note here sued on, and delivered the same to Emil Schlamp, the other defendant, who, in turn, immediately or shortly after its execution turned it over to the plaintiff, P. M. Schlamp, who tried to discount it in Henderson, Kentucky, but failed. Thereupon he, the plaintiff, endorsed the note "without recourse" and returned the same to Emil Schlamp. Manewal testified that after the failure of the plaintiff to discount the note at Henderson, Kentucky, he was informed by Emil Schlamp of the failure to so discount the note and informed him, Manewal, that he, Emil Schlamp, had destroyed the note. Manewal further testified, over objection of plaintiff, that at the time the note in question was executed by him, it was agreed between him and Emil Schlamp that the said note was to be discounted only for cash. After the note had been returned by the plaintiff to the defendant Emil Schlamp, it seems that, instead of said note being destroyed, the said Emil Schlamp retained the same in his possession, and in August, 1912, and two days after it was due on its face, he delivered it over to the plaintiff in this case and took from him in payment thereof one hundred shares of the capital stock of the par value of $10 each in a corporation known as the Vaza Company, which, at that time, was being promoted by the plaintiff.

The above facts were practically conceded by the plaintiff, except that he testified that he did not know that the defendant, Manewal, had signed the note as an accommodation for Emil Schlamp, but did know that Emil Schlamp was to receive the money upon the note being discounted, but understood from Emil Schlamp, that the note was given to him signed by Manewal to adjust some account or business dealings between him

and Manewal. He also testified that the stock above referred to was worth par at the time he acquired the note. After the note was turned over by Emil Schlamp to plaintiff, in August, 1912, it remained in the possession of the plaintiff until some time in January or February, 1913, when he presented it through a bank for collection to Manewal, and upon payment being refused instituted this suit on said note.

The defendant Manewal set up in his answer that he had signed the note for the accommodation of Emil Schlamp in order that said Emil Schlamp and the plaintiff might have the note discounted at a bank in Henderson, Kentucky, and it was understood that the note was to be so discounted for cash only, and that when this was not done, the purpose for which the note was given failed, and upon it being negotiated by Emil Schlamp to the plaintiff after its maturity for stock, there was a diversion of the note from its original purpose which relieved the defendant Manewal from liability thereon.

The deposition of Emil Schlamp was introduced in evidence by the plaintiff as an admission against interest, and was received by the lower court for that purpose only. Inasmuch as Emil Schlamp did not appeal, the deposition, thus introduced, is not before this court at this time.

At the close of the case the court refused to give a peremptory instruction to find for the plaintiff and against the defendant Manewal, and gave of its own motion the following instruction:

"You are still further instructed that if you believe and find from the evidence in this case that the note sued on was signed by the defendant L. A. Manewal, with Emil Schlamp, for the purpose of raising money thereon, for the use of said Emil Schlamp; that no consideration for said note was then either given or intended to be given by the payee therein, P. M. Schlamp, the plaintiff herein; and that said note was delivered by Emil Schlamp to plaintiff, in the first instance, for the sole purpose of having the same

discounted for the benefit of said Emil Schlamp by a bank· at Henderson, Kentucky; that plaintiff. took said note from Emil Schlamp for that purpose only, and endeavored to have the same discounted, but failed; and thereafter, and before the maturity of said note, returned the same to the possession of said Emil Schlamp, one of the makers, and that the said Emil Schlamp continued to hold said note, up to and after the date of its maturity, and that after the date of its maturity the defendant Emil Schlamp negotiated and. delivered said note for the first time to the plaintiff for value, and received therefor the Vasa stock mentioned in the evidence; and if you still further find that the defendant, L. A. Manewal, did not authorize the negotiation and delivery of said note after its maturity,. and did not know that it had been so negotiated and delivered to the plaintiff after maturity, until long after such·negotiation and delivery, and that he received none of the stock or the proceeds thereof, taken over by said Emil Schlamp for said note—then your verdict should be for the defendant L. A. Manewal.''

The learned counsel for the appellant assigns as error the giving by the court of the above instruction. This raises the question as to whether or not there was a diversion of the note from its original purpose. If there was a material diversion, and the plaintiff · had acquired the note with full knowledge of the purpose for which it was issued, before maturity, then under the authorities he could not hold the accommodation maker, and it follows that if there was a diversion of the note by the accommodated party from the purpose for which it was originally ·made, and the plaintiff acquired it after its maturity, he was bound to know of the diversion and would not be permitted to say that he did not know of it.. [Daniels on Negotiable Instruments (6 Ed.), page 931; Section 10028, R.. S. 1909; Norton on Bills and Notes (3 Ed.), page 180; St. Louis National Bank v. Flanagan, 129 Mo. 178, 31 S. W. 773.; Farmers National Bank v. Dreyfus,

82 Mo. App. 399; Berkeley & Harrison v. Tinsley, 88 Va. 1001; Grand River College v. Robertson, 67 Mo. App. 329.]

In Hickerson v. Raiguel, 2 Heiskell (Tenn.) 239, it is said:

"The proof shows that when complainant indorsed the bill, he did so upon the express condition that if the Planters' Bank did not discount the bill on that day, his liability as indorser was to cease, and the bill was either to be returned or destroyed. It is wholly immaterial whether complainant knew the use which Sheild proposed to make of the money, or not. He was indorsing without consideration, and for the accommodation of Sheild, and had the right to annex such terms and conditions to his liability as he saw proper. [Perkins v. Ament, 2 Head, 110; Bank of Tennessee v. Johnson, 1 Swan, 217.] It is clear that when the Planters' Bank refused to discount the bill, and the day had expired during which it was to be presented, the liability of complainant was terminated. The only liability which could then be created must have arisen from the transfer of the bill, in the due course of trade to some innocent purchaser, for value. But the proof shows that when Sheild offered to transfer the bill to Clemments, who was acting as the agent of Raiguel & Co., in the collection of their execution, he informed him of the terms and conditions which complainant had annexed to his indorsement. It follows that Clemments took the bill with full notice that Sheild had no authority to use it for any purpose and in any way. As Clemments was acting as the agent of Raiguel & Co., they would be affected with the notice which their agent had."

In Daniels on Negotiable Instruments (sixth edition), p. 930, it is said:

"And if any one purchase accommodation paper with knowledge that the terms and conditions on which the accommodation was given have been violated, he is not a bona-fide holder as against the party who lent his name for accommodation."

The above instruction in substance told the jury that if they found from the evidence that the note was signed by the defendants for the sole purpose of raising money for the use of Emil Schlamp by discounting the same at a bank at Henderson, Kentucky, and that the plaintiff received the note from Emil Schlamp for that purpose only, and endeavored to discount the note but failed to accomplish that purpose and returned it to Emil Schlamp, and that Emil Schlamp after maturity of the same, turned it over to the plaintiff and took therefor stock in a certain corporation, and this was done without the consent of the defendant Manewal, that then the plaintiff could not recover against Manewal. This instruction is evidently based upon the principle that there was a diversion of the note by the accommodated party from the purpose for which the accommodation party signed it, and it being delivered or turned over to the plaintiff after its maturity, he was bound to know of the diversion,. We think that the learned trial court was correct in so instructing the jury. The defendant Manewal might have been perfectly willing to lend his credit to the accommodated party in the form of an accommodation note to be immediately discounted for cash to be used for the support of the family of the accommodated party, and at the same time he might have been very unwilling to lend his credit to the accommodated party in the form of a signature on a note in order that the accommodated party might use that note for the purpose of speculating in a stock of a corporation just being floated upon the market. If the note in suit was issued for the purpose set out in this instruction, then upon the failure to discount it for cash at the bank at Henderson, Kentucky, the whole purpose for which it was issued failed, and the accommodated party would have no authority or right to use it for the purpose of making a speculation in stock.

The plaintiff contends that the answer avers no defense, and that the plaintiff was entitled to an instruc-

tion to the jury to return a verdict against the defendant Manewal. We have given this matter the utmost consideration and thorough investigation of the authorities, and we cannot agree with the learned counsel for the plaintiff, for the reason that we are of the opinion that the answer sufficiently states the defense of diversion, and it was proper to put this defense to the jury, as was done in the instruction mentioned above.

What is said above entirely disposes of all the assignments of error, with the exception of the assignment that parol evidence was not admissible to show the purpose for which the paper was signed by this accommodation maker, in that it would vary the terms of the note or agreement and make what appears to · be an agreement to pay money absolute only an agreement to pay upon condition. This point was squarely passed upon in the case of the St. Louis National Bank v. Flanagan, 129 Mo. 178, 31 S. W. 773. In that case Flanagan had signed a note for the accommodation of one Florida, who diverted it from the purpose for which it was originally intended, and turned it over to the plaintiff's bank. In an exhaustive opinion by GANTT, P. J., among other things the court said:

"There was no error in permitting Flanagan to testify not only that he was a mere accommodation maker of the note but the purpose for which Florida stated he wanted the discount when he obtained Flanagan's signature. He was attempting to show a diversion of the note and the initial step was to show its original purpose, and notice to the plaintiff of that purpose. The evidence was material and competent though he might fail to satisfy the court of the diversion."

To the same effect are the following authorities: Farmers National Bank v. Dreyfus, 82 Mo. App. 399; Grand River College v. Robertson, 67 Mo. App. 329; Williams v. Alnutt, 72 Mo. App. 62; Shantz v. Shriner, 167 Mo. App. 635, 150 S. W. 727.

In view of these authorities, we rule, therefore, that the parol evidence was clearly competent in this case.

Plaintiff was the payee in the note. He acquired it after maturity. As above stated he, therefore, stands in no better position that if he had acquired it before maturity knowing all of the defenses available to defendant Manewal.

The judgment is therefore affirmed. *Reynolds, P. J.,* and *Allen, J.,* concur.